IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CR-00147-RJC-DCK

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GLENDA TAYLOR-SANDERS | ) | |
| | ) | |

    **THIS MATTER** is before the Court upon motion of the defendant for a new sentencing hearing pursuant to Federal Rule of Criminal Procedure 35(a) in order to allow her to accept responsibility for her offense. (Doc. No. 73).

    Prior to sentencing, the defendant unsuccessfully sought to withdraw her guilty plea three times, claiming, among other things, she did not act with an intent to defraud. (Doc. Nos. 43, 53, 60). During the sentencing hearing when she would not stipulate to a factual basis for her plea, the government presented evidence of her guilt that the Court found credible and consistent with the factual basis the defendant had previously entered. The defendant testified extensively about numerous documents submitted by the government and introduced by her, attempting to show her conduct was not fraudulent. The Court found that her testimony was not credible and that she had not accepted responsibility.

    The defendant now claims she "was delirious and delusional at my sentencing hearing, resulting in no memory of what transpired, due to sleep deprivation and voluntary intoxication" such that she did not express acceptance of responsibility as she intended. (Doc. No. 73-1: Declaration at 1-2). Although the

Court was not persuaded by her explanation of her conduct, there was no indication during the hearing that the defendant was intoxicated or otherwise unable to understand and participate competently in the hearing. She responsively answered questions from the Court, her lawyer, and the government, and testified on a wide range of details relating to a series of loans and insurance contracts at issue in her wire fraud conviction. During her allocution she recounted the circumstances surrounding her guilty plea, asserted her good character and professional reputation, and asked for the Court's mercy in this first instance of being accused of such conduct.

Just as the Court previously found that the defendant's claim that her plea was not knowing and voluntary was not credible, (Doc. No. 51: Order at 8), and that her testimony at the sentencing hearing was not credible, the Court finds the defendant's statements in the Declaration about being delusional and intoxicated during the hearing not credible. Accordingly, the defendant has not established "clear error" for correcting the sentence under Rule 35(a).

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and to the United States Attorney.

Signed: November 10, 2020

Robert J. Conrad, Jr.
United States District Judge